FILED
NOVEMBER 2, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6203

JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLA DOBSON f/k/a MARLA COLLINS, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ASSET ACCEPTANCE LLC, | ) ) |
| Defendant, | ) ) |

JURY TRIAL DEMANDED

**COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, MarLa Dobson f/k/a Marla Collins ("Plaintiff"), brings this class action to secure redress against an unlawful credit and collection practice engaged in by Defendant Asset Acceptance LLC ("Asset Acceptance") that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA").

2. Plaintiff complains that Asset Acceptance's Chicago office's systematic practice of filing a form exhibit, <u>Exhibit 1</u> attached here to the Complaint, in the Circuit Court of Cook County, Illinois, First Municipal District that includes "interest" into what it purports to be the "Principal Amount" of the debt thereby misrepresenting the character of the debt and that <u>Exhibit 1</u> is not sent to the consumer prior to Asset Acceptance filing suit against the consumer violates 15 U.S.C. §§ 1692e(2)(A), e(10).

3. Plaintiff also alleges that Asset Acceptance's systematic misrepresentation is an unfair practice in violation of 15 U.S.C. § 1692f as it conceals material information from the one state court judge who presides over all of Asset Acceptance's cases

1

filed by its Chicago office in the Circuit Court of Cook County, Illinois, First Municipal Department, which if known, might result in a lesser judgment amount being entered against the consumer. *See Discover Bank v. Owens*, 129 Ohio Misc. 2d 71, 822 N.E.2d 869 (Clev. Mun. Ct. Sept. 9, 2004) (barring years of accrued interest and late fees under the doctrine of latches). This is especially true given that the default judgment rate in debt collection cases has been alleged to be approximately 90%. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006); *Chavez v. Bowman, Heintz, Boscia & Vician*, 07 C 640, Dkt. 42-2, Affidavit of Gerald E. Bowman, pp. 7-8 ¶ 14 (N.D. Ill. Oct. 3, 2007) (law firm obtains at least a 92% default judgment rate on debt collection cases it filed in Cook County, Illinois).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FDCPA).

5. Venue and personal jurisdiction over Asset Acceptance in this District is proper because:

   a. Plaintiff resides in the District;

   b. Asset Acceptance transacts business in the District and maintains an office at 55 E. Jackson Blvd., 16th Floor, Chicago, Illinois 60604; and

   c. Asset Acceptance's collection activities occurred within the District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Asset Acceptance is a Limited Liability Company organized and existing under the law of the State of Delaware and doing business at P.O. Box 2036 Warren, Michigan

48090, with its principal place of business located at 28405 Van Dyke, Warren, Michigan 48093. For service of process its registered agent and address is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

8. Asset Acceptance is engaged in the purchase and collection of defaulted and charged-off accounts receivable.

9. According to page 20 of the SEC Form 10-Q filed August 7, 2007, by Asset Acceptance's parent Asset Acceptance Capital Corp., "During the six months ended June 30, 2007, we acquired charged-off consumer receivable portfolios with an aggregate face value of $1.9 billion at a cost of $74.8 million, or 3.95% of face value, net of buybacks".

10. Asset Acceptance's Chicago office routinely files hundreds debt collection lawsuits against consumers per month in Asset Acceptance's name in the Circuit Court of Cook County, Illinois, First Municipal Department.

11. Asset Acceptance is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**FACTS**

12. Plaintiff opened up a JB Robinson charge card, which she used for personal purchases and later defaulted on the same.

13. Plaintiff was later sued by Asset Acceptance in the Circuit Court of Cook County, Illinois, First Municipal Department, Case 07 M1 1549231 (the "state court complaint").

14. Asset Acceptance attached to the state court complaint Exhibit 1.

15. On information and belief, Exhibit 1 was never sent to Plaintiff prior to the filing of the state court complaint. Plaintiff never received Exhibit 1 prior to being served with it as an exhibit attached to the state court complaint.

16. Exhibit 1 is written to make it appear to the state court judge that Asset Acceptance has made a demand and stated an account to the consumer prior to filing suit as it states, in pertinent part, "**IMPORTANT:** PLEASE DETACH AND RETURN TOP PORTION OF STATEMENT WITH CHECK OR MONEY ORDER.", "PLEASE WRITE IN AMOUNT OF PAYMENT ENCLOSED", "IF ADDRESS AS SHOWN ABOVE IS INCORRECT, PLEASE INDICATE CHANGE", "FOR PROMPT CREDITING OF PAYMENTS, PLEASE SEND CHECK OR MONEY ORDER TO", AND "SEND INQUIRIES TO".

17. Asset Acceptance voluntarily dismissed the state lawsuit against plaintiff without prejudice just prior to trial.

18. Asset Acceptance objected to having to pay $133 in costs that Plaintiff incurred to defendant the matter, but nevertheless was ordered by the state court judge over Asset Acceptance's objection to pay $133 in costs to Plaintiff.

19. On October 11, 2007, Asset Acceptance's Chicago office's counsel sent to Plaintiff's counsel an e-mail stating, "I have just been instructed to re-file this matter as documents have now been provided (accompanying). . . ." Such conduct smacks of gamesmanship. *See In re Wingerter*, 2007 Bankr. LEXIS 3330 * 32 (Bkr. N.D. Ohio, Oct. 1, 2007) ("A policy of filing a proof of claim without having possession of the supporting documents, but withdrawing the claim if the debtor subsequently files an objection to the claim's validity smacks of gamesmanship. . . .").

20. One of the accompanying documents Asset Acceptance's Chicago office's counsel sent Plaintiff's counsel is attached hereto as Exhibit 2.

21. Exhibit 2 is an affidavit Asset Acceptance later obtained that swears under oath that, "At the time of the sale to Asset Acceptance, LLC., the amount due on the account

4

pursuant to the terms of the cardholder agreement between JB Robinson Jewelers and *MARLA COLLINS* was *755.23*." Exhibit 2.

22. Exhibit 1 states that the "Principal Amount" is $808.04.

23. Exhibit 1 stating that the "Principal Amount" is $808.04 is false.

24. Misstating as a "Principal Amount" an amount that in actuality includes interest is material, abusive to the consumer, and is a fraud upon the court. See e.g. *Capital One Bank v. Reina*, 06 M1 146231 (Circuit Court of Cook County, Illinois, First Municipal District) (an affidavit of indebtedness was attached to the complaint stating that the "Principal" was $1,412.63, when in fact the consumer herself and though the creditor's protection plan had paid off the entire amount of the purchases she made, thereby the $1,412.63 "Principal" was in fact late fees, over limit charges, finance charges, payment protection plan fees, and membership fees).

25. Purchasers of debt such as Asset Acceptance are required under the Internal Revenue Code to have accurate information regarding the composition of the debts they purchase. *See Debt Buyer's Ass'n v. Snow*, 481 F. Supp. 2d 1 (D.D.C. 2006).

26. Asset Acceptance Chicago office's counsel is one of only three debt collectors, the other two being Freedman Anselmo Lindberg & Rappe LLC and Resurgence Financial LLC, that appear before the one judge presiding in Room 1101 for the Circuit Court of Cook County, Illinois, First Municipal District.

27. When Freedman Anselmo Lindberg & Rappe LLC files suit in Asset Acceptance's name it breaks down the character of the debt by informing the state court judge what the principal amount was at the time of purchase, how much of that was interest purchased, and the interest after purchase. Exhibit 3.

28. Based on information and belief, Asset Acceptance does not always have enough documentation to prove up the debt when it sues a consumer in Circuit Court of Cook County, Illinois, First Municipal District, and therefore attaches documents in the form of <u>Exhibit 1</u> to its complaints in order to obtain default judgments which are routinely granted by the one state court judge presiding over suits filed by Asset Acceptance.

29. Based on information and belief, Asset Acceptance always places an amount of interest in the amount stated as "Principal Amount" in documents in the form of <u>Exhibit 1</u>.

**COUNT I – FDCPA § 1692e(2)(A)**

30. Plaintiff incorporates paragraphs 1-29 above.

31. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or

32. Asset Acceptance violated 15 U.S.C. § 1692e(2)(A).

**COUNT II – FDCPA § 1692e(10)**

33. Plaintiff incorporates paragraphs 1-29 above.

34. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Asset Acceptance violated 15 U.S.C. § 1692e(10).

### COUNT III – FDCPA § 1692f

36. Plaintiff incorporates paragraphs 1-29 above.

37. 15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

38. Asset Acceptance violated 15 U.S.C. § 1692f.

### CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of two classes:

Class A is comprised of (a) all natural persons, (b) where Asset Acceptance filed suit against the person in the Circuit Court of Cook County, Illinois, First Municipal District, (c) where Asset Acceptance's Chicago office attached to its state court complaint a document in the form of Exhibit 1, (d) where the "Principal Amount" includes any amount of interest, (e) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

Class B is comprised of (a) all natural persons, (b) where Asset Acceptance filed suit against the person in the Circuit Court of Cook County, Illinois, First Municipal District, (c) where Asset Acceptance's Chicago office attached to its state court complaint a document in the form of Exhibit 1, (d) where Asset Acceptance did not send Exhibit 1 to the addressee prior to filing suit against them, (e) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominate question is whether documents in the form of Exhibit 1 violate the FDCPA.

41. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

42. The class is no numerous that joinder of all members is impractical.

43. Plaintiff will fairly and adequately represent the members of the class.

44. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

45. A class action is superior for the fair and efficient adjudication of this matter in that:

   a. Asset Acceptance's course of conduct arises out of a single transaction, involving a form document affecting a large group of individuals;

   b. Individual actions are not economical;

   c. Congress contemplated class actions as a means of enforcing the FDCPA; and

   d. It is not unusual for Asset Acceptance to be named in a class action lawsuit relating to alleged violations of the FDCPA.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the class and against Asset Acceptance for:

   (1) Statutory damages;

   (2) Attorney's fees, litigation expenses and costs of suit; and

   (3) Such other relief as the Court deems proper.

Respectfully submitted,

*Curtis C. Warner*
Curtis C. Warner

8

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

*Curtis C. Warner*
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## NOTICE OF LIEN

Please be advised that the Warner Law Firm, LLC claims a lien upon any recovery herein for 1/3 or such an amount as the Court awards.

Respectfully submitted,

*Curtis C. Warner*
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)