IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLA DOBSON f/k/a MARLA COLLINS, individually and on behalf of a class,<br><br>        Plaintiff,<br><br>    v.<br><br>ASSET ACCEPTANCE LLC,<br><br>        Defendant, | 07 C 6203<br><br>Judge Anderson<br><br>Magistrate Judge Valdez |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, Marla Dobson f/k/a Marla Collins ("Plaintiff"), respectfully requests that this Honorable Court enter an order determining that this action may proceed as a class action against Defendant Asset Acceptance LLC ("Asset Acceptance").

Plaintiff seeks to certify two classes as follows:

Class A is comprised of (a) all natural persons, (b) where Asset Acceptance filed suit against the person in the Circuit Court of Cook County, Illinois, First Municipal District, (c) where Asset Acceptance's Chicago office attached to its state court complaint a document in the form of Exhibit 1, (d) where the "Principal Amount" includes any amount of interest, (e) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

Class B is comprised of (a) all natural persons, (b) where Asset Acceptance filed suit against the person in the Circuit Court of Cook County, Illinois, First Municipal District, (c) where Asset Acceptance's Chicago office attached to its state court complaint a document in the form of Exhibit 1, (d) where Asset Acceptance did not send Exhibit 1 to the addressee prior to

filing suit against them, (e) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

Plaintiff also requests that Warner Law Firm, LLC be appointed counsel for the class.

In support of this motion, Plaintiff states:

### NATURE OF THE CASE

1. Plaintiff complains that Asset Acceptance's Chicago office's systematic practice of filing a form exhibit, <u>Exhibit 1</u> attached here to the Complaint, in the Circuit Court of Cook County, Illinois, First Municipal District that includes "interest" into what it purports to be the "Principal Amount" of the debt thereby misrepresenting the character of the debt and that <u>Exhibit 1</u> is not sent to the consumer prior to Asset Acceptance filing suit against the consumer violates 15 U.S.C. §§ 1692e(2)(A), e(10).

2. Plaintiff also alleges that Asset Acceptance's systematic misrepresentation is an unfair practice in violation of 15 U.S.C. § 1692f as it conceals material information from the one state court judge who presides over all of Asset Acceptance's cases filed by its Chicago office in the Circuit Court of Cook County, Illinois, First Municipal Department, which if known, might result in a lesser judgment amount being entered against the consumer. *See Discover Bank v. Owens*, 129 Ohio Misc. 2d 71, 822 N.E.2d 869 (Clev. Mun. Ct. Sept. 9, 2004) (barring years of accrued interest and late fees under the doctrine of latches). This is especially true given that the default judgment rate in debt collection cases has been alleged to be approximately 90%. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006); *Chavez v. Bowman, Heintz, Boscia & Vician*, 07 C 640, Dkt. 42-2, Affidavit of Gerald E. Bowman,

pp. 7-8 ¶ 14 (N.D. Ill. Oct. 3, 2007) (law firm obtains at least a 92% default judgment rate on debt collection cases it filed in Cook County, Illinois).

## CLASS CERTIFICATION REQUIREMENTS

3. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

4. On October 26, 2007, alone Asset Acceptance's Chicago office filed more than 20 collection cases in the Circuit Court of Cook County, First Municipal Division. Exhibit 2 (first 20 docket sheets); Exhibit 3 (Case Information Summary Sheet, showing more than 100 cases filed on October 26, 2007, by Asset Acceptance). It is therefore reasonable that the numerosity requirement of more than 20 to 40 class members is met here.

5. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members as the class claims involve the use of a form document effecting others. In this case, the class claims are based on Asset Acceptance's standardized conduct: (1) of not sending the consumer Exhibit 1 prior to filing suit against them, and thereby constitutes a fraud; and (2) that "interest" is always added into the amount that Asset Acceptance states is the "Principal Amount" owing thereby misstating the character of the debt. Attached here are the same form documents from a random spot check of Asset Acceptance's suits filed by its Chicago office with in the past month. Exhibit 4.

6. The only individual issues appear to be identification of the consumers whose rights have been violated. This information would be contained in Asset Acceptance's Chicago office's records.

7. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

8. Plaintiff will fairly and adequately represent the class members. Plaintiff has also retained counsel experienced in class actions and FDCPA litigation. Exhibit 5.

9. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights and the wrong that has been committed by Asset Acceptance in its use of Exhibit 1; and

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

10. In further support of this motion, Plaintiff submits the accompanying memorandum of law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner          cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor – 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)

4