IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLA DOBSON f/k/a MARLA COLLINS, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) 07 C 6203 ) ) Judge Anderson |
| v. | ) ) Magistrate Judge Valdez |
| ASSET ACCEPTANCE LLC, | ) ) |
| Defendant, | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR CLASS CERTIFICATION**

**INTRODUCTION**

Plaintiff, Marla Dobson f/k/a Marla Collins ("Plaintiff"), brings this class action to secure redress against an unlawful credit and collection practice engaged in by Defendant Asset Acceptance LLC ("Asset Acceptance") that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA"). Plaintiff complains that Asset Acceptance's Chicago office's systematic practice of filing a form exhibit, <u>Exhibit 1</u>[1] attached here to the Complaint, in the Circuit Court of Cook County, Illinois, First Municipal District that includes "interest" into what it purports to be the "Principal Amount" of the debt thereby misrepresenting the character of the debt and that <u>Exhibit 1</u> is not sent to the consumer prior to Asset Acceptance filing suit against the consumer violates 15 U.S.C. §§ 1692e(2)(A), e(10). Plaintiff also alleges that Asset Acceptance's systematic misrepresentation is an unfair practice in violation of 15 U.S.C. § 1692f as it conceals material information from the one state court judge who presides over all of Asset Acceptance's cases filed by its Chicago office in the Circuit Court of Cook County, Illinois, First

---

[1] The exhibits are attached to Plaintiff's motion for class certification.

Municipal Department, which if known, might result in a lesser judgment amount being entered against the consumer. *See Discover Bank v. Owens*, 129 Ohio Misc. 2d 71, 822 N.E.2d 869 (Clev. Mun. Ct. Sept. 9, 2004) (barring years of accrued interest and late fees under the doctrine of latches).  This is especially true given that the default judgment rate in debt collection cases has been alleged to be approximately 90%. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006); *Chavez v. Bowman, Heintz, Boscia & Vician*, 07 C 640, Dkt. 42-2, Affidavit of Gerald E. Bowman, pp. 7-8 ¶ 14 (N.D. Ill. Oct. 3, 2007) (law firm obtains at least a 92% default judgment rate on debt collection cases it filed in Cook County, Illinois).

Plaintiff seeks to certify two classes as follows:

Class A is comprised of (a) all natural persons, (b) where Asset Acceptance filed suit against the person in the Circuit Court of Cook County, Illinois, First Municipal District, (c) where Asset Acceptance's Chicago office attached to its state court complaint a document in the form of <u>Exhibit 1</u>, (d) where the "Principal Amount" includes any amount of interest, (e) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

Class B is comprised of (a) all natural persons, (b) where Asset Acceptance filed suit against the person in the Circuit Court of Cook County, Illinois, First Municipal District, (c) where Asset Acceptance's Chicago office attached to its state court complaint a document in the form of <u>Exhibit 1</u>, (d) where Asset Acceptance did not send <u>Exhibit 1</u> to the addressee prior to filing suit against them, (e) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be

able to assert their claims on an individual basis.  *Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983).  Class actions "were designed not only to compensate victimized members of groups who are similarly situated . . . but also deter violations of the law, especially when small individual claims are involved."  H Newberg, Class Actions § 4.36 (4th ed. 2002);  *Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291, 296 (N.D. Ill. 2006)  (finding that certifying a class in an FDCPA matter is superior as the defendants' "conduct would go otherwise unchallenged if a class was not certified").

> Rule 23 provides that an action may proceed as a class if:
>
> (1) the class is so numerous that the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P.. 23(a).

**A.     Rule 23(a)(1) – The Class is so numerous that joinder of all members in impracticable.**

There is no bright-line test for numerosity.  *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 392 (N.D. Ill. 2006); *Chandler v. Southwest Jeep-Eagle, Inc*. 162 F.R.D. 302, 307 (N.D. Ill. 1995) ("the numerosity analysis does not rest on any magic number").  "[A] plaintiff does not have to provide exact numbers because a class action may proceed based upon an estimated class size."  *Cavin*, 236 F.R.D.  at 391 (*citing McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002)).  "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or commons sense that it is large, the court will take judicial notice of

3

this fact and will assume joinder is impracticable..." 2 *Newberg on Class Actions* § 7.22A (3d ed. 1992).

Courts have even certified classes where less than thirty class members existed. *Manning v. Consumer Discount Co.*, 390 F. Supp. 320 (E.D. Pa. 1975), *aff'd*, 533 F.2d 102 (3d Cir. 1976), *cert. denied* 429 U.S. 865 (1976) (14 class members); *Allen v. Isaac*, 99 F.R.D. 45 (N.D. Ill. 1983) (17 class members); *Cypres v. Newport News General & Nonsectarian Hospital Ass'n*, 375 F.2d 648 (4th Cir. 1967) (18 class members); *Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983) (20 class members); *Arkansas Education Association v. Board of Education*, 446 F.2d 763 (8th Cir. 1971) (20 class members); *Basile v. Merrill Lynch, Pierce, Fenner and Smith*, 105 F.R.D. 506 (S.D. Ohio 1985) (23 members); *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981) (25 to 30 class members); *Riordan v. Smith Barney*, 113 F.R.D. 60 (N.D. Ill. 1986) (29 class members).

Here on October 26, 2007, alone, Asset Acceptance's Chicago office has filed more than 20 collection cases in the Circuit Court of Cook County, First Municipal Division. Exhibit 2 (first 20 docket sheets); Exhibit 3 (Case Information Summary Sheet, showing more than 100 cases filed on October 26, 2007, by Asset Acceptance). It is therefore reasonable that the numerosity requirement of more than 20 to 40 class members is met here.

**B.      Rule 23(a)(2) – The claims of the Class arise from commons questions of law and fact.**

A common nucleus of operative facts is enough to satisfy the commonality requirement. *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992). "A common nucleus is generally found when the defendant has engaged in standardized conduct towards the members of the proposed class." *Cavin*, 236 F.R.D. at 392 (*citing Keele,* 149 F.3d at 594; *McCabe,* 210 F.R.D. at 644); *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984) (Where a

question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."). Finally, "The commonality requirement has been characterized as a 'low hurdle' easily surmounted." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

In this case, the class claims are based on Asset Acceptance's standardized conduct: (1) of not sending the consumer Exhibit 1 prior to filing suit against them; and (2) that "interest" is always added into the amount that Asset Acceptance states is the "Principal Amount" owing. Even thought the amount of interest added into the "Principal Amount" will vary from class member to class member, a class can be certified even though the exact misrepresentation differed from class member to class member. *Caulton v. Merchants' Credit Guide Co.*, 06 C 2744, 2007 U.S. Dist. LEXIS 12577 * 4 (N.D. Ill. Feb. 22, 2007) (certifying class alleging debt collector made false representations regarding each class member's debt to credit reporting agency, holding that, "The reporting is standardized conduct towards all members of the class"). "[F]actual variations among class members' grievances do not defeat a class action" *Keele,* 149 F.3d at 594; *Cavin*, 236 F.R.D. at 392 (*citing Rosario,* 963 F.2d at 1017).

Additionally, because Exhibit 1 is a form document commonality is easily met. *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 287 (N.D. Ill. 2005)(finding commonality where the class definition was limited to individuals who received a similar debt collection letter from named defendants); *Sledge v. Sands*, 182 F.R.D. 255, 258 (N.D. Ill. 1998) (same). Attached here are the same form documents from a random spot check of Asset Acceptance's suits filed by its Chicago office with in the past month. Exhibit 4. As such,

because Asset Acceptance has engaged in a standardized conduct using a form document, the commonality requirement has been satisfied.

  C. **Rule 23(a)(3) – Plaintiff's claims are typical of the claims of the class.**

    The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"). The analysis of typicality in a class action under the FDCPA, "focuses primarily, if not exclusively, on the conduct of debt collectors. . . ." *Keele v. Wexler*, 149 F.3d 289, 395 (7th Cir. 1998); *Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291, 294 (N.D. Ill. 2006) (*citing Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (holding under the commonality requirement, "FDCPA cases such as this one do not require a showing that each class member was actually confused by the debt collector, but rather that the conduct of the debt collector would mislead the 'unsophisticated consumer.'")).

    In the present case, Plaintiff's and the proposed class' claim arise from the same question of law whether the use of <u>Exhibit 1</u> which is not sent to the consumer but used to create the perception that Asset Acceptance has set forth an account stated, and whether Asset Acceptance's systematic addition of "interest" into the stated "Principal Amount" violates the FDCPA. As such, Plaintiff's claims are typical of those persons within the two class definitions.

6

**D.     Rule 23(a)(4) - Plaintiff and Class Counsel will fairly and adequately protect the interest of the class.**

Rule 23(a)(4)'s prerequisite consists of the following factors: (1) whether the plaintiffs' attorney is qualified, experienced, and generally able to conduct the proposed litigation; (2) whether the class representatives have interests that are antagonistic to the class; and (3) whether the class representatives have a sufficient interest in the case to assure vigorous advocacy. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

In a class action, "the class representative's role is limited." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981). An adequate class representative need only be conscientious and have a basic understanding of the litigation at hand. *Carbajal v. Capital One*, 219 F.R.D. 437, 442 (N.D. Ill. 2004). "[T]he standard for serving as class representative is not particularly demanding." *In re Ocean Bank*, 06 C 3515, 2007 U.S. Dist. LEXIS 29443 * 25 (N.D. Ill. Apr. 27, 2007). Plaintiff is aware of the claims she has asserted on behalf of the class, and is seeking only statutory money damages on behalf of herself and the class. As such, Plaintiff is adequate and no antagonism exists between her and the class members.

The second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario*, 963 F.2d 1013, 1018. Plaintiff's counsel has specifically been found to be adequate class counsel meeting the requirements of Rule 23(a)(4). *Cavin v. Home Loan Center, Inc.* 236 F.R.D 387, 395 (N.D. Ill. 2006) ("The Court finds that Mr. Warner [is]. . . 'experienced, competent, qualified and able to conduct the litigation vigorously'"). *Id*. at 395. Furthermore, "[t]he fact that attorneys have been found adequate in other cases 'is persuasive evidence that they will be adequate again.'" *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 344 (N.D. Ill. 2001)

7

(*quoting Gomez v. Illinois State Bd. Of Ed.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987)). Plaintiff's counsel submits the declaration of Curtis C. Warner in support of class counsel's adequacy. Exhibit 5.

**E.    Rule 23(b) Requirements**

After a plaintiff has met Rule 23(a)'s requirements, the plaintiff must satisfy at lease one provision under Rule 23(b) for the class to be certified. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Plaintiff in this matter seeks certification under Rule 23(b)(3).

**1. Predominance**

Rule 23(b)(3) is met when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED.R.CIV.P. 23(b)(3). The predominance requirement is met when a common factual link between the class members and defendants under which the law requires a remedy exists. *Smith v. Nike Retail Servs. Inc*. 234 F.R.D. 648, 666 (N.D. Ill. 2006); 7A Charles Alan Wright, et al., *Federal Practice and Procedure* § 1778, at 528 (2d ed. 1986) (Predominance is met "when common questions represent a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for having the dispute on a representative rather than on an individual basis"). In this case, predominate is met as the only issue in question is whether Asset Acceptance's standardized conduct involving is use of Exhibit 1 violates the FDCPA.

**2. Superiority**

The FDCPA itself demonstrates Congress' intent that matters should be certified to proceed as a class. 15 U.S.C. 1692k(a)(2)(B). "Consumer claims are among the most commonly certified for class treatment, given the difficulty of bringing such claims individually

8

and the common questions that are often involved." *Cavin*, 236 F.R.D. at 395 – 396 (*citing Murray v. New Cingular Wireless Svc.,* 232 F.R.D. 295, 303 (N.D. Ill. 2005); *In re Mex. Money Transfer Litig.,* 267 F.3d 743, 747 (7th Cir. 2001); *Amchem Prods. v. Windsor,* 521 U.S. 591, 625 (1997)). "A class action has to be unwieldy indeed before it can be pronounced an inferior alternative-no matter how massive the fraud or other wrongdoing that will go unpunished if class treatment is denied-to no litigation at all." *Carnegie v. Household Int'l, Inc.,* 376 F.3d 656, 661 (7th Cir. 2004).

FDCPA class actions are superior under the principal of judicial economy. *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880 (7th Cir. 2000); *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005). FDCPA class actions are judicially efficient, "in lieu of clogging the courts with thousands of individual suits." *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998).

"Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948, 953 (7th Cir. 2006) (*citing Mace v. Van Ru Credit Corp.*, 109 F.3d 344-45 (7th Cir. 1997)); *Jackson*, 227 F.R.D. at 290 ("A class action is superior [under Rule 23(b)(3) where potential damages may be too insignificant to provide class members with incentive to pursue a claim individually"). A *de minimis* recover does not bar a class from being certified. *Mace*, 109 F.3d at 344. Here, under the FDCPA while a plaintiff can recover up to $1,000 and a class can receive up to 500,000 or 1% of defendant's net worth which ever is lesser in absence of actual damages, there is no guarantee that a prevailing plaintiff or each class member would be awarded $1,000. 15 U.S.C. § 1692k(2)(A)(B).

As the Supreme Court has noted, "[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Amchem Products, Inc.*, 521 U.S. at 617 (quoting *Mace*, 109 F.3d at 344). The "FDCPA 'contemplates class actions even though an individual recovery may be larger.'" *Warcholek*, 241 F.R.D. at 295 (*citing Nichols v. Northland Group, Inc.* 05 C 2701, 2006 U.S. Dist. LEXIS 15037 * 41 (N.D. Ill. Mar. 31, 2006)). Finally, certification of a class has value to the consumer as they are provided notice of the defendant's alleged wrongdoing and can opt-out of the class and proceed on their own if they so choose. *Warcholek*, 241 F.R.D. at 295.

## CONCLUSION

WHEREFORE, the reasons set forth in this memorandum and motion, Plaintiff requests this Honorable Court grant Plaintiff's motion to certify the class.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner        cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor – 3714
Chicago, Illinois 60601
(312) 238-9820 (TEL)