**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARLA DOBSON f/k/a MARLA COLLINS, Individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) Case No. 07 C 6203 ) ) Judge Andersen |
| vs. | ) ) ) Magistrate Judge Valdez |
| ASSET ACCEPTANCE LLC, | ) ) |
| Defendant. | ) |

**ANSWER TO COMPLAINT**

Defendant Asset Acceptance, LLC, by and through its attorneys David M. Schultz and Jennifer W. Weller, and for its Answer to Plaintiff's Complaint states as follows:

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff, Marla Dobson f/k/a Marla Collins ("Plaintiff"), brings this claim to secure redress against unlawful credit and collection practice engaged in by Defendant Asset Acceptance LLC ("Asset Acceptance") that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA").

**ANSWER:** **Defendant admits only that Plaintiff has filed a complaint against it regarding credit and collection practices and denies each and every remaining allegation contained paragraph 1.**

2.      Plaintiff complains that Asset Acceptance's Chicago office's systematic practice of filing a form exhibit, Exhibit 1 attached here to the Complaint, in the Circuit Court of Cook County, Illinois, First Municipal District that includes "interest" into what it purports to be the "Principal Amount" of the debt thereby misrepresenting the character of the debt and that Exhibit 1 is not sent to the consumer prior to Asset Acceptance filing suit against the consumer violates15 U.S.C. § 1692e(2)(A),e(10).

**ANSWER:** **Defendant admits only that Plaintiff makes certain allegations and in further answering the allegations contained in paragraph 2 denies that it has violated the FDCPA and accordingly denies each and every remaining allegation.**

3. Plaintiff also alleges that Asset Acceptance's systematic misrepresentation is an unfair practice in violation of 15 U.S.C. §1692f as it conceals material information from the one state court judge who presides over all of Asset Acceptance's cases filed by its Chicago office in the Circuit Court of Cook County, Illinois, First Municipal Department, which if known, might result in a lesser judgment amount being entered against the consumer. *See Discover Bank v. Ocwen*, 129 Ohio Misc.2d 71, 822 N.E.2d 869 (Clev. Mun.Ct. Sept.9, 2004)(barring years of accrued interest and late fees under the doctrine of laches). This is especially true given that the default judgment rate in debt collection cases has been alleged to be approximately 90%. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006); *Chavez v. Bowman, Heintz, Boscia & Vician*, 07 C 640, Dkt. 42-2, Affidavit of Gerald F. Bowman, pp.7-8 ¶14 (N.D.Ill. Oct.3, 2007)(law firm obtains at least a 92% default judgment rate on debt collection cases it filed in Cook County, Illinois).

**ANSWER:** **Defendant admits that Plaintiff alleges it violated the FDCPA, however Defendant denies that Plaintiff has stated a claim pursuant to the FDCPA, that it violated the Act and denies each and every remaining allegation contained in paragraph 3.**

### JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FI)CPA).

**ANSWER:** **Defendant admits the allegations contained in paragraph 4.**

5. Venue and personal jurisdiction over Asset Acceptance in this District is proper because:

    a. Plaintiff resides in the District;

    b. Asset Acceptance transacts business in the District and maintains an office at 55 E. Jackson Blvd., 16th Floor, Chicago, Illinois 60604; and

    c. Asset Acceptance's collection activities occurred within the District.

**ANSWER:** **Defendant admits that its business records contain a Chicago address for plaintiff but is without knowledge or information sufficient to form a belief as to the**

truth of the allegations contained in paragraph 4(a) because it does not know where plaintiff resides as of the date of this answer.  Defendant admits the remaining allegations contained in paragraph 5.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff resides as of the date of this Answer.**

7. Asset Acceptance is a Limited Liability Company organized and existing under the law of the State of Delaware and doing business at P.O. Box 2036 Warren, Michigan 48090, with its principal place of business located at 28405 Van Dyke, Warren, Michigan 48093.  For service of process its registered agent and address is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

**ANSWER:** **Defendant admits the allegations contained in paragraph 7.**

8. Asset Acceptance is engaged in the purchase and collection of defaulted and charged-off accounts receivable.

**ANSWER:** **Defendant admits that its business includes the purchase and collection of defaulted debt.**

9. According to page 20 of the SEC Form 10-Q filed August 7, 2007 by Asset Acceptance's parent Asset Acceptance Capital Corp., "During the six months ended June 30, 2007, we acquired charged-off consumer receivable portfolios with an aggregate face value of $1.9 billion at a cost of $74.8 million, or 3.95% of face value, net of buybacks."

**ANSWER:** **Defendant admits the quoted statement is contained on page 20 of the 10-Q statement filed by Asset Acceptance Capital Corp. on August 7, 2007.**

10. Asset Acceptance's Chicago office routinely files hundreds debt collection lawsuits against consumers per month in Asset Acceptance's name in the Circuit Court of Cook County, Illinois, First Municipal Department.

**ANSWER:** **Defendant admits that it files numerous lawsuits each month on an annual basis and denies the remaining allegations contained in paragraph 10.**

3

11.     Asset Acceptance is a debt collector as defined in 15 U.S.C. §1692a(6) in regard to its conduct complained of herein.

**ANSWER:     Asset admits that for some purposes it acts as a debt collector.**

## FACTS

12.     Plaintiff opened up a JB Robinson charge card, which she used for personal purchases and later defaulted on the same.

**ANSWER:     Defendant admits only that plaintiff opened a JB Robinson charge card and defaulted on it. Defendant is without knowledge or information sufficient to form a belief as to the purpose for which plaintiff used the card.**

13.     Plaintiff was later sued by Asset Acceptance in the Circuit Court of Cook County, Illinois, First Municipal Department, Case 07 M1 1549231 (the "state court complaint").

**ANSWER:     Defendant admits that it filed suit against plaintiff in the Circuit Court of Cook County, Illinois, First Municipal Division, Case No. 07 M1 1549231.**

14.     Asset Acceptance attached to the state court complaint Exhibit 1.

**ANSWER:     Defendant admits the allegations contained in paragraph 14.**

15.     On information and belief, Exhibit 1 was never sent to Plaintiff prior to the filing of the state court complaint. Plaintiff never received Exhibit 1 prior to being served with it as an exhibit attached to the state court complaint.

**ANSWER:     Defendant admits the allegations contained in paragraph 15.**

16.     Exhibit 1 is written to make it appear to the state court judge that Asset Acceptance has made a demand and stated an account to the consumer prior to filing suit as it states, in pertinent part, "**IMPORTANT**: PLEASE DETACH AND RETURN TOP PORTION OF STATEMENT WITH CHECK OR MONEY ORDER." "PLEASE WRITE IN AMOUNT OF PAYMENT ENCLOSED," "IF ADDRESS AS SHOWN ABOVE IS INCORRECT, PLEASE INDICATE CHANGE," "FOR PROMPT CREDITING OF PAYMENTS, PLEASE SEND CHECK OR MONEY ORDER TO", AND "SEND INQUIRIES TO".

**ANSWER:     Defendant denies the allegations contained in paragraph 16.**

17.     Asset Acceptance voluntarily dismissed the state lawsuit against plaintiff without prejudice just prior to trial.

6203930v2 882884

**ANSWER:**   **Defendant admits the allegations contained in paragraph 17.**

18.   Asset Acceptance objected to having to pay $133 in costs that Plaintiff incurred to defendant the matter, but nevertheless was ordered by the state court judge over Asset Acceptance's objection to pay $133 in costs to Plaintiff.

**ANSWER:**   **Defendant admits only that it was ordered to pay $133 and denies the remaining allegations contained in paragraph 18 as it denies plaintiff's characterizations of its conduct.**

19.   On October 11, 2007, Asset Acceptance's Chicago office's counsel sent to Plaintiff's counsel an e-mail stating, "I have just been instructed to re-file this matter as documents have now been provided (accompanying)…Such conduct smacks of gamesmanship. *See In re Wingarter*, 2007 Bankr. LEXIS 3330 *32 (Bkr. N.D.Ohio, Oct.1, 2007)("A policy of filing a proof of claim without having possession of the supporting documents, but withdrawing the claim if the debtor subsequently files an objection to the claim's validity smacks of gamesmanship…")

**ANSWER:**   **Defendant admits the allegations contained in sentence 1 of paragraph 19. Defendant denies the allegations contained in sentence 2 of paragraph 19.**

20.   One of the accompanying documents Asset Acceptance's Chicago office's counsel sent Plaintiff's counsel is attached hereto as Exhibit 2.

**ANSWER:**   **Defendant admits the allegations contained in paragraph 20.**

21.   Exhibit 2 is an affidavit Asset Acceptance later obtained that swears under oath that, "At the time of the sale to Asset Acceptance, LLC, the amount due on the account pursuant to the terms of the cardholder agreement between JB Robinson Jewelers and MARLA COLLINS was 755.23."

**ANSWER:**   **Defendant admits the quoted statement is contained in Exhibit 2 and denies the remaining allegations because it does not know what plaintiff means by "later obtained."**

22.   Exhibit 1 states that the "Principal Amount" is $808.04.

**ANSWER:**   **Defendant admits the allegations contained in paragraph 22.**

23.   Exhibit 1 stating that the "Principal Amount" is $808.04 is false.

6203930v2 882884

**ANSWER:** Defendant denies the allegation contained in paragraph 23.

24. Misstating as a "Principal Amount" an amount that in actuality includes interest is material, abusive to the consumer, and is a fraud upon the court. *See e.g. Capital One Bank v. Reina*, 06 M1 146231 (Circuit Court of Cook County, Illinois, First Municipal District)(an affidavit of indebtedness was attached to the complaint stating that the "Principal" was $1412.63, when in fact the consumer herself and though the creditor's protection plan had paid off the entire amount of the purchases she made, thereby the $1,412.63 "Principal" was in fact late fees, over limit charges, finance charges, payment protection plan fees, and membership fees.

**ANSWER:** **Defendant denies that plaintiff fully or accurately cites the referenced case and denies that it is relevant to Asset's conduct and accordingly denies paragraph 24.**

25. Purchasers of debt such as Asset Acceptance are required under the Internal Revenue Code to have accurate information regarding the composition of the debts they purchase. *See Debt Buyer's Ass'n v. Snow*, 481 F.Supp.2d 1 (D.D.C. 2006).

**ANSWER:** **Defendant denies that plaintiff fully or accurately cites the referenced case and denies that it is relevant to Asset's conduct and accordingly denies paragraph 25.**

26. Asset Acceptance Chicago office's counsel is one of only three debt collectors, the other two being Freedman Anselmo Lindberg & Rappe LLC and Resurgence Financial LLC that appear before the one judge presiding in Room 1101 for the Circuit Court of Cook County, Illinois, First Municipal District.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.**

27. When Freedman Anselmo Lindberg & Rappe LLC files suit in Asset Acceptance's name it breaks down the character of the debt by informing the state court judge what the principal amount was at the time of purchase, how much of that was interest purchased and interest after purchase. Exhibit 3.

**ANSWER:** **Defendant states that Exhibit 3 is a contract complaint filed by Freedman Anselmo Lindberg & Rappe LLC and denies paragraph 27 to the extent that it is inconsistent with Exhibit 3.**

28. Based on information and belief, Asset Acceptance does not always have enough documentation to prove up the debt when it sues a consumer in Circuit Court of Cook County, Illinois, First Municipal District, and therefore attaches documents in the form of Exhibit 1 to its

6

complaints in order to obtain default judgments which are routinely granted by the one state court judge presiding over suits filed by Asset Acceptance.

**ANSWER:** **Defendant denies the allegations contained in paragraph 28.**

29. Based on information and belief, Asset Acceptance always places and amount of interest in the amount stated as "Principal Amount" in documents in the form of Exhibit 1.

**ANSWER:** **Defendant denies the allegations contained in paragraph 29.**

### COUNT I- FDCPA §1692e(2)(A)

30. Plaintiff incorporates paragraphs 1-29 above.

**ANSWER:** **For its answer to paragraph 30 defendant restates and realleges its answers to paragraphs 1-29 as if fully set forth herein.**

31. 15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

**ANSWER:** **Defendant admits that paragraph 31 recites portions of Section 1692e of the FDCPA but denies that those sections are relevant.**

32. Asset Acceptance violated 15 U.S.C. § 1692e(2)(A).

**ANSWER:** **Defendant denies each and every allegation contained in paragraph 32.**

### COUNT II – FDCPA §1692e(10)

33. Plaintiff incorporates paragraphs 1-29 above.

7

**ANSWER:   For its answer to paragraph 33, Defendant restates and realleges its answers to paragraphs 1 through 29 as if fully set forth herein.**

34.   15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10)   the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:   Defendant admits that paragraph 34 purports to recite a portion of Section 1692e of the FDCPA but denies that this section is relevant to its conduct.**

35.   Asset Acceptance violated 15 U.S.C. §1692e(10).

**ANSWER:   Defendant denies the allegations contained in paragraph 35.**

### COUNT III- FDCPA §1692

36.   Plaintiff incorporates paragraphs 1-29 above.

**ANSWER:   For its answer to paragraph 36, Defendant restates and realleges its answers to paragraphs 1-29 as if fully set forth herein.**

37.   15 U.S.C. § 1692f in pertinent part states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:   Defendant admits that paragraph 37 quotes 15 U.S.C. §1692f, but denies that this section is pertinent.**

38.   Asset Acceptance violated 15 U.S.C. §1692f.

**ANSWER:   Defendant denies the allegations contained in paragraph 38.**

### CLASS ALLEGATIONS

39.   Plaintiff brings this action on behalf of two classes:

Class A is comprised of (a) all natural persons; (b) where Asset Acceptance filed suit against the person in the Circuit Court of Cook County, Illinois, First Municipal District; (c) where Asset Acceptance's Chicago office attached to its state court complaint a document in the form of <u>Exhibit 1</u>; (d) where the "Principal Amount" includes any amount of interest; (e) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

Class B is comprised of (a) all natural persons; (b) where Asset Acceptance filed suit against the person in the Circuit Court of Cook County, Illinois, First Municipal District; (c) where Asset Acceptance's Chicago office attached to its state court complaint a document in the form of <u>Exhibit 1</u>; (d) where Asset acceptance did not send <u>Exhibit 1</u> to the addressee prior to filing suit against them; (c) during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**<u>ANSWER</u>:   Defendant denies that any class exists or that a class should be certified and accordingly denies the allegations contained in paragraph 39.**

40.   There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominate question is whether documents in the form of <u>Exhibit 1</u> violate the FDCPA.

**<u>ANSWER</u>:   Defendant denies that any class exists or that a class should be certified and accordingly denies the allegations contained in paragraph 40.  Defendant further denies that Exhibit 1 violates the FDCPA.**

41.   Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**<u>ANSWER</u>:   Defendant denies that any class exists or that a class should be certified and accordingly denies the allegations contained in paragraph 41.**

42.   The class is no numerous that joinder of all members is impractical.

**<u>ANSWER</u>:   Defendant denies that any class exists or that a class should be certified and accordingly denies the allegations contained in paragraph 42.**

43.   Plaintiff will fairly and adequately represent the members of the class.

**<u>ANSWER</u>:   Defendant denies that any class exists or that a class should be certified and accordingly denies the allegations contained in paragraph 43.**

44. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

**ANSWER:** **Defendant denies the allegations contained in paragraph 44.**

45. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Asset Acceptance's course of conduct arises out of a single transaction, involving a form document affecting a large group of individuals;

    b. Individual actions are not economical;

    c. Congress contemplated class actions as a means of enforcing the FDCPA; and

    d. It is not unusual for Asset Acceptance to be named in a class action lawsuit relating to alleged violations of the FDCPA.

**ANSWER:** **Defendant denies that any class exists or that a class should be certified and accordingly denies the allegations contained in paragraph 45.**

WHEREFORE Defendant respectfully requests that this court enter judgment in its favor and against plaintiff on plaintiff's complaint and for such further relief as this court deems appropriate and just.

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, defendant states that plaintiff's complaint fails to state a claim for which relief may be granted because Exhibit 1 does not misrepresent that it was sent to the debtor prior to the filing of the lawsuit.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, defendant states that any violation of the FDCPA, which it denies occurred was unintentional and resulted from a bona fide error in spite of procedures reasonably adapted to avoid such error. Defendant possesses account information

which separates the principal amount of the debt from the interest. At the time Exhibit 1 was prepared, a clerical error occurred when the interest due on the account was inadvertently included in the principal.

                                    Respectfully Submitted,

                                    /s/Jennifer W. Weller
                                  One of the attorneys for Defendant

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

11