IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WEINSTEIN, BREE FOX<br>individually and on behalf of a class,<br>        Plaintiff,<br>   v.<br><br>ASSET ACCEPTANCE, LLC,<br>        Defendant.<br>_____<br>MARLA DOBSON,<br>individually and on behalf of a class,<br>        Plaintiff,<br>   v.<br><br>ASSET ACCEPTANCE, LLC,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 07 C 5967<br>Judge Darrah<br>Magistrate Judge Mason<br><br><br><br><br><br>07 C 6203<br>(reassigned as related) |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
<u>CLASS SETTLEMENT AGREEMENT</u>**

Plaintiffs, Jeffrey Weinstein, Bree Fox, and Marla Dobson ("Plaintiffs") on behalf of themselves and a class, and Defendant, Asset Acceptance, LLC, ("Defendant") respectfully request that this Court enter an order granting preliminary approval of the proposed Class Settlement Agreement ("Agreement") attached hereto as <u>Appendix A</u>.

In support of this motion, the parties state as follows:

1.      The first of the above captioned lawsuits was filed by Plaintiff Weinstein on October 22, 2007; the second was filed by Plaintiff Dobson on November 11, 2007 (the "Litigation"). An amended complaint was filed in the *Weinstein* case on January 29, 2008. Plaintiffs alleged that Defendant attached a statement ("Statement") to each of Plaintiffs' state court complaints that imply they were sent to the debtors prior to the filing of the lawsuits when

1

they, in fact, were not. Plaintiffs also alleged that the Statements misstated the amount of the debts constituting principal and the amount constituting interest. Plaintiffs claimed that Defendant's attached Statements violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Defendant denies liability to Plaintiffs and the class for the claims alleged.

2. Counsel for Plaintiffs and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Based upon their review and analysis, Plaintiffs and Defendant entered into the Agreement.

3. The parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement and agree as follows:

    a. <u>Class Certification</u>: The parties have stipulated to a class for settlement purposes only, defined as follows:

All natural persons with Illinois addresses with respect to whom defendant Asset Acceptance, LLC filed a lawsuit attaching a document in the form represented by <u>Appendices A & B</u> to the Weinstein Amended Complaint or Exhibit 1 to the Dobson Complaint which document was not sent to the addressee prior to the filing of suit where the lawsuit was filed or served during a period beginning October 22, 2006 and ending November 12, 2007. Persons who filed for Chapter 7 bankruptcy or are deceased are excluded from the class.

There are approximately 9,100 members of the class as defined above.

    b. <u>Class Notice</u>. Defendant will cause notice to be provided to the class by U.S. Mail. Defendant shall, within 20 days of entry of the Preliminary Approval Order, cause

actual notice, in the form of <u>Exhibits A and B</u> to the Agreement to be sent to the last known addresses of the class members, according to Defendant's records. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendant shall forward any such returned notice to the address provided as soon as practicable.

        c.    <u>Class Members' Right to Opt Out</u>. Class members may seek to be excluded from the Agreement and the lawsuit by opting out of the settlement class within the time period set by this Court. Any class member who opts out of the Agreement shall not be bound by the terms of the Agreement and shall not be entitled to any of the benefits set forth in the Agreement.

        d.    <u>Relief to Plaintiff and the Class</u>.

        (1)    Defendant agrees to pay $1,000 to Plaintiff Weinstein in settlement of his individual claims.

        (2)    Defendant agrees to pay $1,200 to Plaintiff Dobson in settlement of her individual claims. Plaintiff Dobson will also receive a share of the settlement fund as a class member.

        (3)    Defendant agrees to pay $1,443 to Plaintiff Fox in settlement of her individual claims.

        (4)    Defendant agrees to forgive Weinstein's debt, Asset Account No. 12606339, Fox's Providian debt, Asset Account No. 5755371, Fox's Target debt, Asset Account No. 12434629 and Dobson's debt, Asset Account No. 31120071, not to sell the above-described debts, and to request the deletion of the Asset tradeline regarding each above-described debt from

each Plaintiffs' credit report.

(5) Defendant agrees to apply a credit in the amount of $200.00 to one account of each of the approximately 4,000 class members who were served with a Complaint with a Statement attached.

(6) Defendant agrees to apply a credit of $75.00 to one account of each class member against whom Defendant filed a Complaint with a Statement attached but who was not served with the Complaint. In the event a class member has an account balance in an amount less than their credit, the class member will receive a credit equal to his or her account balance. In the event the class member has more than one account, the class member will receive a credit to the account with the larger balance. In no event shall any class member receive more than a single account credit. Each class member who does not exclude himself or herself will receive such credit to his or her account. On the Effective Date, Defendant shall credit all accounts set forth in this Agreement. The credit shall be made in a manner that identified it as a credit pursuant to the Agreement and not a payment by the debtor.

(7) For those class members who have not been served, the Defendant agrees that in addition to the $75.00 credit, in the event that they are served, an Amended Complaint will be filed that will remove the statement that is the subject of this lawsuit.

(8) For those class members whose payments have resulted in a $0 balance as of the date this Court grants preliminary approval, Defendant agrees to pay $20,000 into a settlement fund, to be distributed pro rata to class members who do not opt out.

    e.    <u>Attorney's Fees, Notice Costs and Related Matters</u>

(1) Plaintiffs' counsel will receive, subject to court approval, $50,000

as the total attorney's fees and costs incurred in the Litigation.  Plaintiffs' counsel will not request additional fees or costs from Defendant or the class members, and Defendant will not oppose or cause to be opposed an application for total attorneys' fees and costs in an amount not to exceed $50,000.

      (2) Defendant will bear the costs of notice and settlement administration.

  4. Plaintiffs and Counsel for Plaintiffs and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable, and adequate, and would be in the best interests of the class members.  After arms-length negotiations at a settlement conference mediated by Magistrate Judge Mason, Plaintiffs and Counsel for the Plaintiffs and the proposed class believes that the class recovery is fair and reasonable, in light of the anticipated expense of litigation and the disputed nature of the claim.

  5. Defendant denies liability to Plaintiffs and the class for the claims alleged, but considers it desirable that the Litigation and the claims alleged therein be settled upon the terms and conditions set forth in the Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiffs or the class members against Defendant.

  6. The parties propose that defendant be allowed 20 days upon entry of the Preliminary Approval Order to mail notice to the class, and that the class members be allowed 45 days to opt out or object to the settlement.  The parties request a fairness hearing date approximately 21 days after the opt out date, so any class members' submissions can be

processed.

WHEREFORE, Plaintiffs, Jeffrey Weinstein, Bree Fox and Marla Dobson on behalf of themselves and a class, and Defendant, Asset Acceptance, LLC, respectfully request that this Court enter an order in the form of <u>Exhibit B</u> to the Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) directs the mailing of notice, in the form of <u>Exhibits A and B</u> to the Agreement, and (iii) sets dates for opt-outs, objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

    Respectfully submitted,

    Attorneys for Plaintiffs Weinstein and Fox and the Class

    <u>s/Francis R. Greene</u>
    Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS , LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

    Respectfully submitted,

    Attorney for Plaintiff Dobson and the Class

    <u>s/ Curtis Warner</u>
    Curtis Warner

Curtis Warner
WARNER LAW FIRM, LLC
Millenium Park Plaza


151 N. Michigan Ave.
37th Floor - 3714
Chicago, IL 60601
(312) 238-9820

                Respectfully submitted,

                Attorneys for Defendant

                <u>s/Jennifer W. Weller</u>
                Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
(312)704-3001 (FAX)