# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WEINSTEIN,<br>individually and on behalf of a class,<br>Plaintiff,<br>v.<br><br>ASSET ACCEPTANCE LLC,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 07 C 5967<br><br>Judge Darrah<br>Magistrate Judge Mason |
| MARLA DOBSON,<br>individually and on behalf of a class,<br>Plaintiff,<br>v.<br><br>ASSET ACCEPTANCE LLC<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 07 C 6203<br>(reassigned as related) |

## CLASS SETTLEMENT AGREEMENT

The parties to this Class Settlement Agreement ("Agreement") are Plaintiffs Jeffrey Weinstein ("Weinstein"), Marla Dobson ("Dobson"), and Bree Fox ("Fox") (collectively "Plaintiffs"), individually and on behalf of the class of persons defined in Section I, below, ("Class") and Asset Acceptance, LLC ("Defendant") as listed in Section E, below.

## RECITALS

**A.     Cases, Parties and Nature of the Litigation**.

Plaintiffs, individually and on behalf of a class, filed the above captioned actions in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Jeffrey Weinstein, individually and on behalf of a class, v. Asset Acceptance, LLC* Case No. 07 C 5967 and *Marla Dobson, individually and on behalf of a class, v. Asset Acceptance, LLC* Case No. 07 C 6203 (collectively the "Litigation"). Plaintiffs alleged that Defendant attached statements to Plaintiffs' state court complaints that imply they were

1

sent to the debtors prior to the filing of the lawsuits when they, in fact, were not. Plaintiffs also alleged that the statements misstated the amount of the debts constituting principal and the amount constituting interest.  Plaintiffs claimed that Defendant's attached statements violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### B.    Compromise of Disputed Claims.

1.    Defendant denies liability to Plaintiffs and the Class for the claims alleged, but considers it desirable that the Litigation and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid further expense and burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiffs or the Class members against Defendant.

2.    The Plaintiffs and the Class desire to settle their claims against Defendant, having taken into account through their counsel the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted and expensive.

3.    Counsel for the Plaintiffs and the Class have investigated the facts available to them and the applicable law.

4.    Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the Class, counsel for the Class consider it to be in the best interest of the Class to enter into this Agreement.

5.    In consideration of the foregoing and other good and valuable consideration, Plaintiffs, counsel for the Class, and Defendant stipulate and agree that the claims of the named Plaintiffs and the Class against Defendant in the Litigation should be and are

2

hereby compromised and settled, subject to the approval of the court, upon the following terms and conditions.

### C.    Terms

1.    Effective Date.    This Agreement shall become effective (hereinafter the "Effective Date") upon (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the class; dismissing the claims of Plaintiffs and the Class against Defendant and its agents with prejudice; and (2) the expiration of five (5) days after the time the final order, judgment and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

### D.    Class Representatives

The "Plaintiffs" and Class Representatives are Jeffrey Weinstein, Bree Fox, and Marla Dobson.

### E.    The Defendant

The "Defendant" is Asset Acceptance, LLC.

### F.    Weinstein Complaint

The "Weinstein Complaint" is the Amended Complaint filed in Weinstein v. Asset Acceptance, LLC as Case No. 07 C 5967.

### G.    Dobson Complaint

The "Dobson Complaint" is the Complaint filed in Dobson v. Asset Acceptance, LLC

3

as Case No. 07 C 6203.

### H.    Statement

Statement is the document in the form of Appendices A & B to the Weinstein

Complaint or Exhibit 1 to the Dobson Complaint.

### I.    The Class

The parties stipulate to the certification of a Class for settlement purposes only, that

consists of the following:

All natural persons with Illinois addresses with respect to whom defendant Asset
Acceptance LLC filed a lawsuit attaching a document in the form represented by
Appendices A & B to the Weinstein Complaint or Exhibit 1 to the Dobson Complaint
which document was not sent to the addressee prior to the filing of suit where the
lawsuit was filed or served during a period beginning October 22, 2006 and ending
November 12, 2007.  Persons who filed for Chapter 7 bankruptcy or are deceased are
excluded from the Class.

### J.    Relief to Plaintiffs and the Class.

1.    Defendant agrees to pay $1,000 to Plaintiff Weinstein in settlement of his

individual claims.

2.    Defendant agrees to pay $1,200 to Plaintiff Dobson in settlement of her

individual claims.  Plaintiff Dobson will also receive a share of the settlement fund as a

class member as described in Section J, paragraph 7, below.

3.    Defendant agrees to pay $1,443 to Plaintiff Fox in settlement of her individual

claims.

4.    Defendant agrees to forgive Weinstein's debt, Asset Account No. 12606339,

Fox's Providian debt, Asset Account No. 5755371, Fox's Target debt, Asset Account No.

12434629 and Dobson's debt, Asset Account No. 31120071, not to sell the above-

4

described debts, and to request the deletion of the Asset tradeline regarding each above-described debt from each Plaintiffs' credit report.

5.    In settlement of the claims of the Class, Defendant agrees to apply a credit in the amount of $200.00 to one account of each of the class members who were served with a Complaint with a Statement attached and a credit of $75.00 to one account of each class member against whom Defendant filed a Complaint with a Statement attached but who were not served with the Complaint. In the event a class member has an account balance in an amount less than their credit, the class member will receive a credit equal to his or her account balance.  In the event the class member has more than one account, the class member will receive a credit to the account with the larger balance.  In no event shall any class member receive more than a single account credit.  Each class member who does not exclude himself or herself will receive such credit to his or her account. On the Effective Date, Defendant shall credit all accounts set forth in this Agreement. The credit shall be made in a manner that identifies it as a credit pursuant to the Agreement and not a payment by the debtor.

6.    For those class members who have not been served with a copy of the original Complaint and Statement, in addition to the $75.00 credit, in the event that they are served with a copy of the original Complaint and Statement, an Amended Complaint will be filed that will remove the Statement that is the subject of this lawsuit.

7.    For those class members whose payments have resulted in and have a $0 balance as of the date this Court grants preliminary approval Defendant agrees to pay $20,000 into a settlement fund, to be distributed pro rata to class members who do not opt out.  The distribution will be in the form of a check which will become void 60 days from the

date of issue.  The date of issue will be the same date as the date the check is mailed to each participating class member.

8.      Any checks that have not been cashed 60 days after the void date will be donated to the Legal Assistance Foundation of Metropolitan Chicago on a cy pres basis.

**K.      Release.**

1.      Plaintiffs release Asset Acceptance, LLC from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorney's fees, costs and liabilities of any kind, whether known or unknown, relating to Weinstein's debt, Asset Account No. 12606339, Fox's Providian debt, Asset Account No. 5755371, Fox's Target debt, Asset Account No. 12434629 and Dobson's debt, Asset Account No. 31120071 that are the subject of this action.  Plaintiffs and each class member not opting out, as of the Effective Date of the Agreement, release and forever discharge Asset Acceptance, LLC, and its past, present or former parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, that were made or which could have been made by plaintiffs on behalf of themselves or on behalf of the above-defined Class in the Litigation, in law or in equity, for anything of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court grants final approval to the settlement arising from the allegations in the

6

Weinstein Complaint and the Dobson Complaint.

3.      This release is conditioned upon the approval of the Agreement by the Court and Defendant meeting its obligations therein.

4.      Nothing herein shall prevent Defendant from continuing to attempt to collect the debts allegedly owed by the class members, nor will it prevent class members from asserting any defenses they have to the debts. In particular, class members do not release any claims or defenses they may have regarding (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus. Class members also do not release any right to move to vacate judgments or orders entered against them, or claims that seized assets are exempt from garnishment.

5.      If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

**L.      Attorney's Fees, Notice Costs and Related Matters.**

1.      Plaintiffs' counsel will receive, subject to court approval, $50,000 as the total attorney's fees and costs incurred in the Litigation.  Plaintiffs' counsel will not request additional fees or costs from Defendant or the Class, and Defendant will not oppose or cause to be opposed an application for total attorneys' fees and costs in an amount not to exceed $50,000.  Plaintiffs' counsel have agreed among themselves as to the division of the fee.

2.      Defendant will bear the costs of notice and settlement administration.

3.    The parties may destroy documents generated in class administration six months after the final order is entered and no longer subject to appeal.

**M.    Notice.**

Defendant will cause notice to be provided to the class by U.S. Mail. Defendant shall, within 20 days of entry of the Preliminary Approval Order, cause actual notice, in the form of <u>Exhibit A or Exhibit B</u> as applicable, to be sent to the last known addresses of the class members, according to Defendant's records.   Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendant shall forward any such returned notice to the address provided as soon as practicable.   Class members shall have 45 days from the date notice is sent to opt out or object to the settlement.

**N.    Preliminary approval.**

1.    As soon as practicable after execution of the Agreement, the parties shall make application to the court for an order which:

a.    Preliminarily approves this Agreement.

b.    Schedules a hearing for final approval of the Agreement by the court.

c.    Approves the form of notice to the Class, to be directed to the last known address of the class members as shown on Defendant's records.  If as a result of the mailing, a forwarding address is furnished by the Postal Service but the notice is not forwarded by the Postal Service, the notice will be re-mailed to the address(es) provided.

d.    Finds that mailing of the class notice and the other measures specified in Section M is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

2.      The parties agree to request the form of notice attached hereto as <u>Exhibit A</u> <u>and Exhibit B</u> (<u>Exhibit A</u> is for persons getting credit and <u>Exhibit B</u> is for persons getting cash) and propose the form of preliminary approval order attached hereto as <u>Exhibit C</u>. The fact that the court may require non-substantive changes in the notice or order does not invalidate this Agreement.

**O.      Final approval.**

1.      At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of the Agreement, counsel for the Class and counsel for Defendant shall request that the court enter a Final Order approving the terms of the Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiffs and the class with prejudice and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

2.      The parties agree to request the form of final order attached hereto as <u>Exhibit</u> <u>D</u>. The fact that the court may require non-substantive changes in the final order does not invalidate this Agreement.

**P.      Release of Attorney's Lien.**

In consideration of this Agreement, Plaintiffs' counsel hereby waives, discharges and releases the "Released Parties" as defined in paragraph 1 of Section K above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiffs' counsel in connection with this case. Plaintiffs' counsel further represent and certify that they will pay any amounts due for attorneys' fees pursuant to agreement with

them, and hold the Released Parties harmless from any such claim..

**Q.    Miscellaneous provisions.**

1.    Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

2    The parties and their attorneys agree to cooperate fully with one another in seeking court approval of the Agreement, and to use their best efforts to effect the consummation of this agreement and the settlement provided for herein.

3.    Notices of objections to this Agreement shall be sent to:

> Daniel A. Edelman
> Francis R. Greene
> EDELMAN, COMBS, LATTURNER AND GOODWIN, LLC
> 120 South LaSalle Street
> Suite 1800
> Chicago, IL  60603

and

> Curtis Warner
> WARNER LAW FIRM, LLC
> Millennium Park Plaza
> 151 N. Michigan Ave. 37th Floor - 3714
> Chicago, Illinois 60601
> (312) 238-9820

and notices to Defendant shall be sent to:

> David M. Schultz
> Jennifer W. Weller
> HINSHAW & CULBERTSON, LLP
> 222 N. LaSalle Street
> Suite 300
> Chicago, Illinois 60601

4.    The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

5.    This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

6.    Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____ , 2008.

Individually and as Class Representative:

_____
Jeffrey Weinstein

Individually and as Class Representative:

_____
Marla Dobson

Individually and as Class Representative:

_____
Bree Fox

Attorneys for Jeffrey Weinstein, Bree Fox and the Class:

11

4.    The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

5.    This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

6.    Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on _____ , 2008.

Individually and as Class Representative:

_____

Jeffrey Weinstein

Individually and as Class Representative:

_____

Marla Dobson

Individually and as Class Representative:

_____

Bree Fox

Attorneys for Jeffrey Weinstein, Bree Fox and the Class:

11

HINSHAW & CULBERTSON, LLP
222 N. LaSalle Street
Suite 300
Chicago, Illinois 60601

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

4.     The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

5.     This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

6.     Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on ___June 3___, 2008.
Individually and as Class Representative:

_____
Jeffrey Weinstein

Individually and as Class Representative:

_____
Marla Dobson

Individually and as Class Representative:

_____
Bree Fox

Attorneys for Jeffrey Weinstein, Bree Fox and the Class:

_____
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

Attorney for Marla Dobson and the Class:

_____
Curtis Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza

151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820


Asset Acceptance, LLC

BY:


_____
Its duly authorized representative

Approved as to form:


_____
Attorneys for Defendant:
David M. Schultz

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0479 (FAX)

Attorney for Marla Dobson and the Class:

Curtis Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820

Asset Acceptance, LLC

BY:

Its duly authorized representative

Approved as to form:

Attorneys for Defendant:
David M. Schultz
Jennifer W. Weller
HINSHAW & CULBERTSON, LLP
222 N. LaSalle Street
Suite 300
Chicago, Illinois 60601
(312) 704-3000
(312) 704-3001 (FAX)

12

Individually and as Class Representative.

Bree Fox

Attorneys for Jeffrey Weinstein, Bree Fox and the Class:

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0479 (FAX)

Attorney for Marla Dobson and the Class:

Curtis Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
151 N. Michigan Ave. 37th Floor - 3714
Chicago, Illinois 60601
(312) 238-9820

Asset Acceptance, LLC

BY:

Its duly authorized representative

Approved as to form.

Attorneys for Defendant:
David M. Schultz