# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

# If you were sued by Asset Acceptance LLC, you may benefit from this class action settlement.

*The cases are titled Weinstein v. Asset Acceptance, LLC, Case No. 07 C 5967 ("Weinstein Complaint") and Dobson v. Asset Acceptance, LLC, Case No. 07 C 6203 ("Dobson Complaint"). A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing, you will remain in the settlement class and you will be entitled to receive a credit to one account now owned by Asset Acceptance, LLC. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

### 1. Why did I get this notice?

You received this notice because you have been identified from the records of Defendant Asset Acceptance, LLC ("Asset") as being a class member. Specifically, you have been identified as a person against whom Asset filed a complaint with a statement attached in the same form as the statement attached to the Weinstein and Dobson Complaints sometime between October 22, 2006 and November 12, 2007, although you may never have been served with the summons and complaint.

You received this notice because you have a right to know about a proposed settlement of a class action lawsuit brought against Asset in connection with its lawsuit against you and other class members.

### 2. What is this lawsuit about?

Page 1

QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 20517

In this lawsuit against Asset, Plaintiffs claimed that the Asset violated the Fair Debt Collection Practices Act ("the Law"). Plaintiffs alleged that when Asset brought suit against Plaintiffs and the class members, Asset attached a statement to the complaint that had not been mailed to the person sued before the lawsuit was filed. The lawsuit claims that the Law prohibits such actions. Defendant denies that its conduct violated the Law.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Jeffrey Weinstein, Bree Fox, and Marla Dobson), sue on behalf of a group (or a "Class") of people who have similar claims.

### 4. Why is there a settlement?

In order to avoid the cost, risk, and delay of litigation, the parties agreed to settle.

### 5. How do I know if I am a part of the settlement?

The Court decided that everyone falling under the following definition was a Class Member: All natural persons with Illinois addresses with respect to whom defendant Asset Acceptance, LLC filed a lawsuit attaching a document in the form represented by Appendices A & B to the Weinstein Complaint or Exhibit 1 to the Dobson Complaint which document was not sent to the addressee prior to the filing of suit where the lawsuit was filed or served during a period beginning October 22, 2006 and ending November 12, 2007. Persons who filed for Chapter 7 bankruptcy or are deceased are excluded from the Class.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you participate in the Settlement, you will receive one of two recoveries, depending on your situation.

1. If you were sued by Asset and were served with the summons and complaint and you still owe money to Asset, Asset will reduce the amount you owe by $200.00.

2. If you were sued by Asset and you have yet to be served with the summons and complaint Asset will reduce the amount you owe by $75.00.

Page 2

QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 20517.

Asset has also identified class members who have paid their debt in full or, for whatever reason, have a $0 balance. These class members will receive a pro rata share of $20,000. You have not been identified by Asset as one of the people who have a $0 balance.

### 7. When will I receive these benefits?

You will receive these benefits approximately 35 days after the settlement has been approved.

### 8. I want to be a part of the settlement and receive these benefits. What do I do?

You do not need to do anything to remain a member of the class. A credit will automatically be applied to the account owned by Defendant with the largest balance.

### 9. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendant a "release." A release means you can't sue or be part of any other lawsuit against Defendant about the claims or issues in this lawsuit.

### 10. How much will the Class Representative receive?

The Defendant has agreed to pay $1,000.00 to Plaintiff Weinstein, $1,200.00 and a class share to Plaintiff Dobson, and $1,443.00 to Plaintiff Fox for their statutory and actual damages and for serving as the Class Representatives. This is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendant, then you must take steps to get out. This is called excluding yourself.

### 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Weinstein v. Asset Acceptance LLC*, No. 07 C 5967 (N.D. Ill.) and *Dobson v. Asset Acceptance LLC*, No. 07 C 6203 (N.D. Ill.). Be sure to include your name, address,

Page 3

QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 20517.

telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than**_____, and sent to the following address:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your request for exclusion to Edelman, Combs, Latturner & Goodwin, LLC (#20517), 120 S. LaSalle Street, Suite 1800, Chicago, IL 60603. Be sure to include the name and number of the case.

## 12. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement of this case, but you will have the right to sue the Defendant over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court has named the law firms of Edelman, Combs, Latturner & Goodwin, LLC and Warmer Law Firm, LLC as Class Counsel. You will not be charged by these lawyers; however they will receive a payment from the Defendant in the amount of $50,000, if that amount is approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by_____.

## 14. How will the lawyers be paid?

Class Counsel will ask the Court for attorney's fees and expenses of no more than $50,000.00.

## CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

## 15. Is this a fair settlement?

Page 4

QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 20517.

Class Counsel believes that this settlement is fair. The claim asserted on behalf of the class against Defendant is under the Fair Debt Collection Practices Act. ("FDCPA") The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. In a class action, the maximum possible recovery is (i) any actual damages suffered by the Class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

In this case, each class member with an account balance will receive a credit of either $200.00 or $75.00, or a share of the class fund and Defendant has agreed to pay Class Counsel $50,000.00 and Plaintiff Weinstein $1,000.00, Plaintiff Fox $1,443.00 and Plaintiff Dobson $1,200.00 and a class share. If each Class member chooses to remain in the class and receives their credit or share of the class fund, Defendant will be applying approximately _____ in account credits and _____ in cash.

### 16. What is the Defendant's view of this settlement?

As stated above, by settling this lawsuit, Defendant is not admitting that it has done anything wrong. Defendant expressly denies the claims asserted by the Plaintiffs and denies all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 17. How do I tell the Court that I don't like the Settlement?

If you're a Class Member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Weinstein v. Asset Acceptance, LLC*, No. 07 C 5967 (N.D. Ill.) and *Dobson v. Asset Acceptance, LLC*, No. 07 C 6203 (N.D.Ill.) your name, address, telephone number and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18).

Page 5

QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 20517.

You must mail your objection so that it is postmarked no later than _____ to:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

You must also send a copy of your objection to Edelman, Combs, Latturner & Goodwin, LLC, (#20517) 120 S. LaSalle Street, Suite 1800, Chicago, IL 60603. Be sure to include the name and number of the case.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

### 18. Where and when is the fairness hearing?

The Court will hold a fairness hearing on _____ at ____ a.m./p.m. in the courtroom of Judge John Darrah, Room 1203 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel. At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

You are not required to come to the fairness hearing.

## GETTING MORE INFORMATION

### 19. How do I get more information?

You can call Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the class, at (312) 739-4200, if you have any questions. Before doing so, please read this full notice carefully. You can also send an email to: info@edcombs.com or obtain information through its website at www.edcombs.com.

### 20. What if I have a new address?

Page 6

QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE – Case No. 20517.

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to:

**ASSET ACCEPTANCE, LLC**
**P.O. BOX 2043**
**WARREN, MI 48090-2043**

Page 7

QUESTIONS? CALL (312) 739-4200 TO CONTACT CLASS COUNSEL'S OFFICE -- Case No. 20517.