**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WEINSTEIN, BREE FOX individually and on behalf of a class, | ) ) | |
| Plaintiff, | ) | 07 C 5967 |
| v. | ) ) | Judge Darrah |
| | ) | Magistrate Judge Mason |
| ASSET ACCEPTANCE, LLC, | ) | |
| Defendant. | ) ) | |
| MARLA DOBSON, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) | 07 C 6203 |
| v. | ) ) | (reassigned as related) |
| ASSET ACCEPTANCE, LLC | ) ) | |
| Defendant. | ) | |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This matter came on for hearing on _____, 2008, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement") dated as of _____, 2008. Due and adequate notice having been given to the Class, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On _____, this Court preliminarily approved the Class Settlement Agreement reached between plaintiffs Jeffrey Weinstein, Bree Fox, and Marla Dobson (collectively " Plaintiffs"), and Defendant Asset Acceptance, LLC, ("Defendant") for the claims alleged in the above-captioned matters *Jeffrey Weinstein, individually and on behalf of a class, v.*

1

*Asset Acceptance, LLC*, Case No. 07 C 5967, and *Marla Dobson, individually and on behalf of a class, v. Asset Acceptance, LLC*, Case No. 07 C 6203 filed in the United States District Court for the Northern District of Illinois, Eastern Division. The Court approved notices for mailing to the class. The Court is informed that actual notice was sent by first-class mail to _____ class members (counting couples and other joint persons as a single class member). A total of _____ envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and _____ envelopes were returned and re-mailed to a forwarding address. _____ class members requested exclusion and _____ objections were filed or received.

      2.     The Court, for purposes of this Final Judgment and Order of Dismissal (the "Judgment"), adopts all defined terms as set forth in the Class Settlement Agreement.

      3.     The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs and Class Representatives, the other Members of the Class, and the Defendant.

      4.     The Court finds that the distribution of the Notices of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Illinois law and due process under the United States Constitution.

      5.     The Court approves the settlement of the above-captioned actions, as set forth in the Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

      6.     Except as to any individual claim of those Persons (identified in <u>Appendix</u>

A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims are dismissed with prejudice as to the Plaintiffs and Class Representatives and the other Members of the Class, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7. Solely for purposes of effectuating this settlement this Court has certified a Class of all Persons who satisfy the following criteria. The Class is defined to include:

> All natural persons with Illinois addresses with respect to whom defendant Asset Acceptance LLC filed a lawsuit attaching a document in the form represented by Appendices A & B to the Weinstein Complaint or Exhibit 1 to the Dobson Complaint which document was not sent to the addressee prior to the filing of suit where the lawsuit was filed or served during a period beginning October 22, 2006 and ending November 12, 2007. Persons who filed for Chapter 7 bankruptcy or are deceased are excluded from the Class.

8. Defendant will maintain a list of class members and account numbers that identifies the accounts subject to the credit and the release.

9. Excluded from the Class are those Persons (identified in Appendix A hereto) who timely and validly requested exclusion.

10. With respect to the Class and for settlement purposes only, this Court finds and concludes that:

(a) the Members of the Class are ascertainable and so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among Members of the Class with respect to the subject matter of the Litigation;

(c) the claims of the Plaintiffs and Class Representatives are typical of

the claims of the Members of the Class;

(d) the Class Representatives have fairly and adequately protected the interests of the Members of the Class;

(e) a class action is superior to other available methods for an efficient adjudication of this controversy; and

(f) the counsel of record for the Class Representatives is qualified to serve as counsel for plaintiffs and for the Class.

11. Plaintiffs release Asset Acceptance, LLC from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorney's fees, costs and liabilities of any kind, whether known or unknown, relating to Weinstein's debt, Asset Account No. 12606339, Fox's Providian debt, Asset Account No. 5755371, Fox's Target debt, Asset Account No. 12434629 and Dobson's debt, Asset Account No. 31120071 that are the subject of this action. Plaintiffs and each class member not opting out, as of the Effective Date of the Agreement, release and forever discharge Asset Acceptance, LLC, and its past, present or former parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, that were made or which could have been made by plaintiffs on behalf of themselves or on behalf of the above-defined Class in the Litigation, in law or in equity, for anything of any kind or nature whatsoever, known or unknown at this time,

that occurred from the beginning of time up through and including the date of this Order arising from the allegations in the Weinstein Complaint and the Dobson Complaint.

12. Nothing herein shall prevent Defendant from continuing to attempt to collect the debts allegedly owed by the class members, nor will it prevent class members from asserting any defenses they have to the debts. In particular, class members do not release any claims or defenses they may have regarding (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus. Class members also do not release any right to move to vacate judgments or orders entered against them, or claims that seized assets are exempt from garnishment.

13. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

(a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Judgment from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

14. The Court dismisses the claims of Plaintiffs and the Class against Defendant and the Released Parties without prejudice and without costs.

15. Within thirty-five (35) days of this Order, Defendant shall file a notice ("Notice of Compliance") that Defendant has complied with the terms of the Agreement and all class members have been issued credits or checks.

16. The dismissal of this action will be converted to a dismissal with prejudice ten (10) days after the Notice of Compliance has been filed, absent a timely motion by Plaintiffs or Defendants.

17. The Parties are directed to perform the Agreement. Plaintiffs' counsel is awarded $_____ in attorney's fees.

18. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiffs and Class Representatives, the Class and the Released Parties for the purposes of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Judgment.

IT IS SO ORDERED

DATED: _____

By:_____
Honorable Judge John W. Darrah
United States Distict Judge