IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEINSTEIN, BREE FOX, individually and on behalf of a class,<br>Plaintiff,<br>v.<br>ASSET ACCEPTANCE LLC,<br>Defendant. | 07 C 5967<br>Judge Darrah<br>Magistrate Judge Mason |
| MARLA DOBSON, individually and on behalf of a class,<br>Plaintiff,<br>v.<br>ASSET ACCEPTANCE LLC<br>Defendant. | 07 C 6203<br>(reassigned as related) |

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the Parties' Joint Motion for Preliminary Approval of a Class Settlement Agreement ("Agreement"), the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. For the purposes of settlement, the parties stipulate to the certification of a class defined as:

> All natural persons with Illinois addresses with respect to whom defendant Asset Acceptance LLC filed a lawsuit attaching a document in the form represented by Appendices A & B to the Weinstein Complaint or Exhibit 1 to the Dobson Complaint which document was not sent to the addressee prior to the filing of suit where the lawsuit was filed or served during a period beginning October 22, 2006 and ending November 12, 2007. Persons who filed for Chapter 7 bankruptcy or are deceased are excluded from the Class.

The class described above includes approximately 9,100 persons. Edelman, Combs, Latturner & Goodwin, LLC and Warner Law Firm, LLC are appointed as class counsel.

3. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on September 25, 2008 at 1:00 a.m./p.m.

4. The Court approves the proposed form of notice to the class, to be directed to the last known address of the class members as shown on Defendant's records. Defendant will mail, or cause to be mailed notice to class members on or before July 16, 2008. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address. Defendant will re-mail any notice that is returned with a forwarding address. Defendant will also credit the accounts of the class members as set forth in the Agreement.

5. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the class is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

6. Class members shall have until August 30, 2008 to opt out or object to the proposed settlement. Any class member who desires to exclude him or herself from the action must mail a request for exclusion to Class Counsel by that date. Class Counsel shall forward all opt out requests to Counsel for Defendant. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and serve copies of the objection on counsel for Plaintiffs and Defendant by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should

find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement.

DATE: June 24, 2008

ENTER: _____
The Honorable Judge John W. Darrah
United States District Judge